STATE OF MAINE                                      DISTRICT COURT
CUMBERLAND, ss.                                     SOUTH PARIS
                                                    Docket No. RE-15-10

DEUTSCHE BANK NATIONAL TRUST COMPANY        )
                                            )
                Plaintiff                   )
v.                                          )
                                            )
                                            )    JUDGMENT UPON
HOME FUNDS DIRECT                           )    STIPULATED RECORD
                                            )
                Defendant                   )
                                            )
FRANK E. BRULOTTE                           )
RAINBOW FEDERAL CREDIT UNION                )
                                            )
                Parties-In-Interest         )

Plaintiff brought this declaratory judgment action by Complaint filed May 11, 2015. Defendant Home Funds Direct and both parties-in-interest were served. Neither Defendant Home Funds Direct nor Party-In-Interest Rainbow Federal Credit Union has answered or otherwise appeared in this action. However, Frank Brulotte, the mortgagor, has answered and appeared, represented by Attorney Frank D'Alessandro.

This matter was set for trial on June 15, 2016. Plaintiff and Party-In-Interest Frank Brulotte agreed to submit this action to the court upon a stipulated record. In issuing its ruling, the court has considered Plaintiff's recital of Stipulated Facts, dated June 14, 2016; Plaintiff's Memorandum of Law on Plaintiff's Stipulated Facts Concerning Plaintiff's Action for Declaratory Judgment and Quiet Title, dated July 15, 2016; Party-In-Interest Frank Brulotte's Trial Brief, dated July 14, 2016; Plaintiff's Reply to Party-In-Interest Frank Brulotte's Trial Brief, dated July 28, 2016; and Party-In-Interest Frank Brulotte's Reply to Plaintiff's Memorandum of Law, dated July 28, 2016.

The Stipulated Facts are as follows:

1. The Party-In-Interest, Frank E. Brulotte, is a resident of Norway, County of Oxford, and State of Maine.
2. The Party-In-Interest Rainbow Federal Credit Union is located at 172 Pine Street, South Paris ME 04281.
3. This is an action for declaratory judgment respecting a real estate related mortgage and title located at 52 Orchard Street, Norway, in the County of

Oxford and State of Maine, being more particularly described in the attached Exhibit A.

4. On June 9, 2004, Frank E. Brulotte executed and delivered to Home Funds Direct a certain promissory note in the amount of $105,000.00. A true and correct copy of the note is attached hereto as Exhibit C.

5. To secure said promissory note, on June 9, 2004, Frank E. Brulotte executed a mortgage deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Home Funds Direct, securing the property located at 52 Orchard Street, Norway, ME 04269, which mortgage deed is recorded in the Oxford County Registry of Deeds-Eastern in Book 33534, Page 179. A true and correct copy of the mortgage and its riders (if applicable) is attached hereto as Exhibit B.

Plaintiff's Stipulated Facts at ¶¶ 1-5; Party-In-Interest Frank Brulotte's Trial Brief at II, ¶¶ 1-5.

Having considered these facts and counsel's respective legal arguments in light of Maine law, the court finds and concludes as follows:

The court understands that Plaintiff Deutsche Bank brought this declaratory judgment action in order to address an issue precipitated by *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. The mortgage at issue, dated June 9, 2004, names Defendant as the lender and Frank Brulotte as the borrower. Mortgage Electronic Registration Systems ["MERS"], acting as nominee under the terms of the mortgage, on or about September 4, 2013 assigned "the Assignor's beneficial interest under the Mortgage" to Plaintiff. Because the Law Court held in *Greenleaf* that assignments to or from MERS convey only the right to record the mortgage as nominee, an assignment to or from MERS acting as nominee fails to convey *ownership* rights in the mortgage, without which a foreclosure action may not be maintained. Having failed to acquire the requisite ownership rights in the mortgage via the assignment from MERS, Plaintiff brought this action with the hope of avoiding the pitfalls caused by *Greenleaf*.

In urging the court to issue a judgment declaring Plaintiff to be the owner of Frank Brulotte's mortgage *nunc pro tunc*, Plaintiff argues that because Maine is a "title theory state," and because it is undisputed that Plaintiff is the holder of the promissory note, Plaintiff is entitled to a declaratory judgment that it is the owner of the mortgage.

The problem with this argument is that the Law Court in *Greenleaf* unequivocally rejected the notion that note ownership without a mortgage assignment or some other proof of ownership is sufficient to confer standing on the note holder. *See Greenleaf*, 2014 ME 89, ¶ 22 n. 13, 96 A.3d 700 ("Standing requires that the plaintiff have a minimum legal interest in both the

2

note and mortgage to seek a foreclosure, *including ownership of the mortgage.*"). Emphasis added. Plaintiff would have this court assist it in evading *Greenleaf* by resurrecting an argument that the *Greenleaf* court expressly rejected. That *Greenleaf* arose out of a foreclosure action does not mean that Maine courts in other proceedings are free to ignore its instruction.[1]

Nor is the court persuaded by Plaintiff's argument that Mr. Brulotte is without standing to oppose Plaintiff's claim to declaratory relief. As mortgagor, Frank Brulotte has a legally enforceable interest in the mortgage, entitling him to enforce its terms. Mr. Brulotte's interest remains whether Plaintiff attempts to assert an ownership interest in the mortgage through a complaint for foreclosure or, as here, through a complaint for declaratory judgment. Accordingly, the court finds that Mr. Brulotte has standing to be heard in this action.

---

[1] The court is aware that other Maine courts have granted declaratory relief when ruling on a bank's motion for a declaratory default judgment. Unlike in this matter, however, in those cases the homeowner party-in-interest did not file any opposition and accordingly the Bank's claim to ownership of the mortgage was uncontested. *See, e.g., Bank of New York Mellon Corp. v. Full Spectrum Lending, Inc.*, No. RE-15-92 (Me. Super. Ct., Cumb. Cnty., November 17, 2015) ("The Bank's moving papers contain various arguments with respect to the Law Court's *Greenleaf* decision and with respect to the newly enacted provisions of 33 M.R.S. 508. This court does not have to consider or agree with those arguments. However, *in the absence of any opposition from Full Spectrum, the homeowner, or the other party in interest, the Bank's claim of ownership of the mortgage is uncontested on this record*") (emphasis added); *The Bank of New York Corp. v. America's Wholesale Lender*, No. RE-15-44 (Me. Dist. Ct. Skowhegan, March 2, 2016) ("the Parties-in-Interest have not answered or otherwise appeared in this matter. The Defendant, America's Wholesale Lender, has answered and consents to the bringing and granting of this motion"); *Wells Fargo Bank, N.A. v. Mortgage Lenders Network USA, Inc.*, No. CV-15-91, (Me. Super. Ct. Pen. Cnty., March 22, 2016) (noting that the "Defendant … and Parties-in-Interest … have not answered or otherwise appeared in this matter"); *Nationstar Mortgage LLC v. First Magnus Financial Corp.*, No. 15-37 (Me. Dist. Ct. Belfast, October 13, 2015) ("neither the Defendant … nor the Parties-in-Interest … have answered or otherwise appeared in this matter"); *Nationstar Mortgage LLC v. First Magnus Financial Corp.*, No. RE-15-30 (Me. Dist. Ct. Springvale, November 17, 2015) (same); *Bayview Loan Servicing, LLC v. EquiFirst Corp.*, No. CV-15-88 (Me. Super. Ct. Ken. Cnty., August 21, 2015) (same); *U.S. Bank Trust, N.A. v. Delta Funding Corp.*, No. CV-15-24 (Me. Dist. Ct. South Paris, December 17, 2015) (same).

Accordingly, because for the reasons stated herein Plaintiff is not entitled to the declaratory relief sought in this matter, it is hereby ORDERED that Judgment shall enter against Plaintiff on its Complaint for Declaratory Judgment and Title.

DATED: 9/28/16

Maria Woodman
Maine District Court Judge